UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Kenneth H. Hart</u>

    v.                           Case No. 10-fp-428

<u>New Hampshire State Prison</u>

**REPORT AND RECOMMENDATION**

    Kenneth Hart has filed this action pursuant to 28 U.S.C. § 2254 (document no. 1). The matter is before me for a preliminary review pursuant to 28 U.S.C. § 1915A.

    Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Hart has not included in his pleading any assertion as to whether or why his custody violates his rights under federal law. Instead, Hart complains that he is being denied access to the prison law library which is jeopardizing his ability to conduct pro se litigation and that some right to privacy in his legal work is being threatened by prison officials. These claims relate to the conditions of Hart's confinement rather than to the fact or duration of that confinement.

Habeas corpus relief is not available for such a challenge if the challenge is unrelated to the fact or length of the prisoner's custody. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriquez, 411 U.S. 475, 489-99 (1973). A civil rights action is the proper means to challenge the conditions of confinement, see White v. Gittens, 121 F.3d 803, 807 n.3 (1st Cir. 1997), whereas a federal habeas petition is the appropriate means to challenge the actual fact or duration of confinement. See Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Consistent with this general rule, I find that Hart's assertions regarding privacy and access to the courts are appropriately considered as civil rights claims under 42 U.S.C. § 1983. None of the claims raised in this petition would support a habeas corpus action as they do not challenge the fact or duration of confinement. Accordingly, I recommend that this action be dismissed without prejudice to Hart's ability to raise his claims in a civil rights action under 28 U.S.C. § 1983.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir.

1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:   October 7, 2010

cc:   Kenneth H. Hart, pro se

LM:jba