**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Kenneth Hart</u>

    v.                                            Civil No. 10-cv-428-JL

<u>New Hampshire State Prison</u>

**<u>O R D E R</u>**

On September 22, 2010, Kenneth Hart filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (doc. no. 1). That petition stated no habeas claims. Instead, Hart asserted that he had claims he wanted to file, but he could not articulate them without conducting additional research. Hart did assert that his right to privacy and access to the courts was being threatened by the state Superior Court, prison officials, and other inmates, and that he needed injunctive relief from this Court in order to protect his privacy in his legal papers and work.

On October 7, 2010, this Court issued a Report and Recommendation recommending that Hart's petition be dismissed as it failed to assert any claim cognizable in a federal habeas petition. Hart was advised that, should he wish to pursue any

action complaining that he was being denied his right to access the courts and right to privacy, he should do so by filing a civil rights action (doc. no. 3).

Hart has responded to the Report and Recommendation with a "Motion/Request Continuance to Plead Objection to Magistrate's Report and Recommendation" (doc. no. 4) and stating that he wishes to amend, presumably, his habeas petition. The matter has been referred to me for consideration (doc. no. 5).

To the extent Hart's most recent filing is a motion seeking more time to file an objection or response to my October 7 Report and Recommendation, the motion is granted. Hart will have thirty (30) days to file an objection to the October 7, 2010, Report and Recommendation (doc. no. 3). In addition, I direct Hart to file, within thirty (30) days of the date of this Order, a list of the claims he intends to raise in this petition. To satisfy this Order, Hart need only list the claims he seeks to assert. He need not file any further legal memorandum supporting the listed claims at this juncture.

I note that Hart has filed eighteen actions in this Court since 1998. Half of those actions, including this one, have been filed as petitions for a writ of habeas corpus under 28 U.S.C. § 2254. The other nine actions have purported to include

claims raised under 42 U.S.C. § 1983.  The eight habeas petitions not presently pending have all been dismissed for failing to state any habeas claim at all or for failing to demonstrate exhaustion of state remedies.[1]  All nine of the section 1983 cases have been dismissed, one for failing to state any actionable claim,[2] and the remainder for Hart's failure to pay the filing fee.[3]

Hart was convicted in state court in 2000 and is serving a ten to twenty year sentence.  If Hart seeks to challenge his underlying state conviction in this habeas action, it appears he may run afoul of the federal habeas statute's one-year statute of limitations, requiring that federal habeas petitions be filed

---

[1] See Hart v. N.H. Dep't of Corr., Civ. No. 00-cv-465-PB; Hart v. Hillsborough Cnty. Jail, Civ. No. 01-cv-294-SM; Hart v. U.S. Dist. Ct. for the Dist. of N.H. et al., Civ. No. 02-cv-203-PB; Hart v. New Hampshire et al., Civ. No. 02-cv-469-SM; Hart v. Prison Warden, Civ. No. 03-cv-289-PB; Hart v. Prison Warden, Civ. No. 03-cv-423-PB; Hart v. Warden, N.H. State Prison, Civ. No. 04-cv-464-JD; and Hart v. Warden, N.H. State Prison, Civ. No. 09-cv-355-PB.

[2] See Hart v. Hillsborough Cnty. Super. Ct., Civ. No. 03-cv-389-SM (D.N.H. Dec. 1, 2003) (order dismissing complaint) (doc. no. 5).

[3] See Hart v. New Hampshire, Civ. No. 98-cv-588-SM; Hart v. New Hampshire, Civ. No. 98-cv-695-JD; Hart v. Hillsborough Cnty. Jail, Civ. No. 99-cv-302-JD; Hart v. Superintendent, Hillsboroguh Cnty. Jail, Civ. No. 99-cv-314-SM; Hart et al. v. Tani, 00-cv-442-PB; Hart v. Prison Warden et al., Civ. No. 02-cv-478-SM; Hart v. Groff et al., Civ. No. 02-cv-523-JD; and Hart v. Corr. Comm'r et al., Civ. No. 03-cv-388-PB.

within one year of the date the inmate's state court conviction became final. See 28 U.S.C. § 2244(d)(1) (setting time limit on filing habeas action for one year after judgment became final in the underlying criminal case). Pursuant to that statute, any time during which a proper state action challenging the conviction was pending, or time during which the State impeded filing of the petition, tolls the limitations period. See 28 U.S.C. § 2254(d)(1)(B) & (2). I cannot, on the face of the petition, definitively determine that the statute of limitations has expired in this matter. Accordingly, Hart will be given the opportunity to demonstrate that this matter is timely filed.

## Conclusion

Hart's motion to extend the time period to file an objection to the Report and Recommendation is granted for thirty (30) days from the date of this Order.

Hart must also, within thirty (30) days of the date of this Order, file an amendment to his petition that must:

1. List all of the claims Hart intends to raise in his habeas petition.

2. Show cause why the claims listed are timely as of September 22, 2010, the date this action was filed.

If Hart fails to comply with this Order, the petition may be dismissed without prejudice.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: November 3, 2010

cc: Kenneth H. Hart, pro se

LBM:jba