```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Kenneth H. Hart

    v.                                Civil No. 10-cv-428-JL

New Hampshire State Prison

## REPORT AND RECOMMENDATION

Kenneth Hart has filed this action pursuant to 28 U.S.C. § 2254 (doc. no. 1). Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

This Court initially recommended dismissal of the petition (doc. no. 3). In response, Hart filed a motion to extend time to object or respond to the Report and Recommendation (doc. no. 4). The Court granted the request for an extension and directed Hart to file an amendment to his petition indicating what claims he intends to raise in his habeas petition and demonstrating that those claims are timely (doc. no. 6).

Hart has now filed a motion for injunctive relief (doc. no. 7) which has been referred to me for a report and recommendation (doc. no. 8). The motion seeks this Court's interference with state Superior Court competency proceedings and assistance in

gaining access to legal materials so that he may litigate that matter in the Superior Court.  Nothing in the motion refers to any potential habeas claim that would be actionable here.

This court's jurisdiction to interfere with a pending state court proceeding is limited.  See, e.g., 28 U.S.C. § 2283 (federal court "may not grant an injunction to stay proceedings in a State court expect as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments").  There is no clear connection between the requested relief and the instant case.  The allegations in the motion are more in the nature of claims in a civil action than a habeas petition.  Accordingly, I recommend that the motion for injunctive relief be denied, and that the Clerk's Office be directed to open a new civil rights case and redocket the "Motion for Injunctive Relief" (doc. no. 7) as the complaint in that case.  Once Hart has completed the necessary initial paperwork to allow that case to proceed to preliminary review, the matter will be considered.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Fed. R. Civ. P. 72(b)(2); Rodriguez-Mateo v. Fuentes-Agostini, 66 Fed. App'x.

212, 213 n.3 (1st Cir. 2003); Sunview Condo. Ass'n v. Flexel Intern., Ltd., 116 F.3d 962, 964 (1st Cir. 1997).

                                                                   _____
                                                                   Landya B. McCafferty
                                                                   United States Magistrate Judge

Date:   November 15, 2010

cc:     Kenneth H. Hart, pro se

LBM:jba